BURLEY TOBACCO CO. OF FRANKFORT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21311.   Promulgated October 10, 1928.

*Elwood Hamilton, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

894

**OPINION.**

VAN FOSSAN: The sole question in this case is whether or not the stock and bonds of the Burley Tobacco Growers Cooperative Association had a readily realizable market value at the time they were received by the petitioner in exchange for its property. It is our conclusion that they did not.

This case has as its background the attempt of the tobacco growers to overcome by cooperation the disastrous consequences of individual competition and unfavorable economic conditions. The petitioner was a local organization of 247 small stockholders, which sold its property to the larger cooperative association comprising many farmers and local associations in 5 tobacco-growing States. In payment it received some cash, but chiefly stock and bonds of the Association. The respondent found these securities to be worth par while the petitioner contends they had no readily realizable market value at that time.

To understand the situation a picture of the whole project is essential. The Cooperative Association had bought out, under somewhat similar terms, a large number of local organizations. Each tobacco center had been called on to absorb its quota of the Association securities. Thus, the field for disposal of the securities was

limited by practical conditions to the City of Frankfort, and to those persons already interested. With the above facts should also be considered, as bearing on the marketability of the securities, the uncertainty of success of any cooperative association. It may be stated as a fact demonstrated by many instances that the success of such a project depends chiefly on the loyalty and fidelity of the members to the association. The failure of a cooperative scheme is at once indicated when defections from its ranks become numerous. The ultimate success of a particular association does not demonstrate conclusively that its securities had a readily realizable market value from the start. So here the fact that the bonds and stocks were retired at maturity is not inconsistent with the petitioner's contention. *Walter T. Smith*, 4 B. T. A. 397.

Viewing the entire situation as we understand it, we are of the opinion that at the time the petitioner exchanged its property for cash and securities of the Cooperative Association, such securities did not have a readily realizable market value.

The available market being local, the marketability of the securities should be measured by a local yardstick. When so measured it is found that the market was overstocked, inquiries and attempts to sell the securities elicited no response, and efforts to interest the banks either by way of the sale or loan of the stock or bonds as collateral were fruitless.

The deficiency and penalty are disallowed.

*Judgment will be entered for the petitioner.*